J. C. STILES v. JAMES S. CURRIE, COMMISSIONER OF REVENUE.

(Filed 1 March, 1961.)

**Taxation § 29:　Constitutional Law § 20—**

G.S. 105-147 (18) limiting the right of a nonresident taxpayer, in computing his net income taxable by this State, to claim only those deductions which are related to his business in this State, is valid and does not constitute an unlawful discrimination in that residents of this State are permitted personal deductions not allowed to the nonresident, since only the income of the nonresident earned within this State is subject to income taxes here. Article IV, § 2 and the Fourteenth Amendment to the Federal Constitution.

APPEAL by plaintiff from *McLean, J.,* September 1960 Term, of HAYWOOD.

Plaintiff brought this action to recover a payment made under protest of sums assessed by the Commissioner of Revenue as income taxes due North Carolina for the years 1954, 1955, and 1956, with interest accrued thereon. He alleges the assessments were void because in violation of rights guaranteed to him by sec. 2, Art. IV, and sec. 1 of the Fourteenth Amendment to the Constitution of the United States. The facts necessary to a determination of the controversy were stipulated. We summarize the facts stipulated: Plaintiff was, during the years 1954, 1955, and 1956 engaged "in owning, managing and operating several hotels and motels in the States of Georgia, South Carolina and North Carolina." He was, during said period, a resident of Georgia. He filed income tax returns for each of said years. These returns disclosed his total gross income and gross income in North Carolina. He deducted from his North Carolina income not only his expense incurred in the operation of his North Carolina business but that proportion of "his total itemized personal deductions, including non-business interest paid and contributions" which his North Carolina gross income bore to his total gross income. The Commissioner of Revenue disallowed deductions not related to his business in North Carolina and assessed a tax based on the sums deducted and disallowed.

Based on the facts stipulated the court adjudged plaintiff was not entitled to recover. Plaintiff appealed.

*William I. Millar for plaintiff appellant.*
*Attorney General Bruton and Assistant Attorneys General Pullen and Abbott for defendant appellee.*

RODMAN, J.　The motion made here by the Attorney General to

substitute W. A. Johnson, successor in office to defendant Currie, is allowed.

Our statute imposes a tax on the net income of residents of the State and upon that portion of a nonresident's income derived from the operation of a business conducted here. Net income is gross income less the deductions enumerated by statute. G.S. 105-140. Permissible deductions are enumerated in G.S. 105-147. They fall into two classes: (a) those relating or incidental to the cost of producing income; (b) those unrelated to the cost of producing income — personal to the taxpayer. Some of the items enumerated fall in one class, some in another, and some may fall within either class, as illustrated by subsec. 9, which permits deduction of losses if (a) of capital or property used in trade or business, (b) of property not connected with trade or business arising from fire, storm, or other casualty, or theft, to the extent not compensated by insurance, (c) losses incurred from the sale of corporate shares or bonds of corporations or from transactions in commodity futures contracts.

Interest, taxes, and charitable contributions may fall within either class, dependent upon the purpose for which the expenditure is made, but expenditures for medical care or funeral expenses of a dependent or to defray the cost of institutional care of a dependent relative who is physically or mentally defective clearly fall in the class of personal as distinguished from business expenditures.

G.S. 105-147 (18) limits the right of the nonresident taxpayer to claim enumerated permissible deductions only if related to business in this State. It provides: "In the case of a nonresident individual the deductions allowed in this section shall be allowed only if and to the extent that they are connected with income arising from sources within the State; and the proper apportionment and allocation of the deductions with respect to sources of income within and without the State shall be determined under rules and regulations prescribed by the Commissioner of Revenue."

Plaintiff contends the statute creates an arbitrary discrimination in violation of the United States Constitution for that residents are permitted to deduct certain expenditures unrelated to the production of income, which right is denied to him. He asserts that he is entitled to deduct that proportion of his personal expenditures which his North Carolina income bears to his total income. He overlooks the fact that our statute taxes the income of its residents wherever earned, but asserts a right to tax only that part of a non-resident's income which is earned in North Carolina.

The claim of arbitrary discrimination between residents and nonresidents by reason of similar statutory provisions was raised more

than forty years ago and answered adversely to plaintiff's claim by the Supreme Court of the United States. *Shaffer v. Carter*, 252 U.S. 37, 64 L. ed. 445; *Travis v. Yale Manufacturing Co.*, 252 U.S. 60, 64 L. ed. 460. *Mr. Justice Pitney* delivered the opinion for the Court in each of those cases. The validity of Oklahoma's income tax law was involved in *Shaffer v. Carter*. It permitted residents to deduct nonbusiness losses and denied that right to nonresidents. Mr. Justice Pitney said: "Appellant contends that there is a denial to noncitizens of the privileges and immunities to which they are entitled, and also a denial of the equal protection of the laws, in that the act permits residents to deduct from their gross income not only losses incurred within the state of Oklahoma, but also those sustained outside of that state, while nonresidents may deduct only those incurred within the state. The difference, however, is only such as arises naturally from the extent of the jurisdiction of the state in the two classes of cases, and cannot be regarded as an unfriendly or unreasonable discrimination. As to residents it may, and does, exert its taxing power over their income from all sources, whether within or without the state, and it accords to them a corresponding privilege of deducting their losses, wherever these accrue. As to nonresidents, the jurisdiction extends only to their property owned within the state and their business, trade, or profession carried on therein, and the tax is only on such income as is derived from those sources. Hence there is no obligation to accord to them a deduction by reason of losses elsewhere incurred."

The validity of the New York tax law was presented in *Travis v. Yale & Towne Manufacturing Co.* That statute permitted taxpayers in computing their income to deduct taxes, losses, depreciation charges, etc., but provided "in the case of a taxpayer other than a resident of the state the deductions allowed in this section shall be allowed only if, and to the extent that, they are connected with income arising from sources within the state. . ." *Mr. Justice Pitney* referred to *Shaffer v. Carter* to support the right of a State to tax the income of a nonresident earned in that State. He then said: "That there is no unconstitutional discrimination against citizens of other states in confining the deduction of expenses, losses, etc., in the case of nonresident taxpayers, to such as are connected with income arising from sources within the taxing state, likewise is settled by that decision." What is now G.S. 105-147 (18) was apparently based on the New York statute quoted by *Mr. Justice Pitney*.

The validity of the New York statute was subsequently challenged in *Goodwin v. State Tax Commission*, decided by the Supreme Court of that State in November 1955, 146 N.Y.S. 2d 172. There a resident

of New Jersey earned income as a lawyer regularly practicing in New York. He asserted the right to deduct from his New York income taxes on his home in New Jersey, interest on his home, medical expenses, and life insurance premiums. His right to make these deductions was denied because the New York statute limited such deductions to its residents. The Court sustained the New York statute and denied plaintiff's right to deduction.

Plaintiff appealed to the Court of Appeals. That Court recited the facts and affirmed in March 1956 without delivering an opinion, 133 N.E. 2d 711. Plaintiff then appealed to the Supreme Court of the United States. That Court, in October 1956, dismissed the appeal "for want of a substantial Federal question." 352 U.S. 805, 1 L. ed. 2d 38.

Plaintiff bases his claim on the Constitution of the United States. The Supreme Court of the United States, the final authority in interpreting that instrument, has twice expressly declared and finally by clear implication said that the claim is wanting in merit.

The stipulations do not disclose whether plaintiff has deducted from his Georgia income tax the items here claimed as he apparently had the right to do. Georgia Code 92-3109.

Affirmed.