Argued November 4, affirmed December 31, 1964, petition for
rehearing denied February 10. U. S. Supreme Court
order of dismissal of appeal November 12, 1965

# BERRY ET UX v. STATE TAX COMMISSION

397 P. 2d 780
399 P. 2d 164

*Robert N. Gygi,* Portland, argued the cause for appellants. With him on the brief were Keane, Haessler, Bauman and Harper, Portland.

*John C. Mull,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Carlisle B. Roberts, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY,

SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

## GOODWIN, J.

The plaintiffs appeal from a decree of the Oregon Tax Court which denied them a refund of part of the state income tax which they paid for 1959. The plaintiffs are husband and wife, and at all material times were residents of California. The opinion of the Tax Court is reported in 1 OTC Adv Sh 483 (1964).

The State Tax Commission denied the taxpayers certain personal deductions. The claimed deductions were for medical expenses, interest on loans in California, and other similar personal items. During the year covered by their 1959 tax return, the taxpayers received income from a trust of real property in Oregon. No part of the deductions represented expenditures connected with the production of the Oregon income or with Oregon property. The agreed statement of facts indicated that the income was not dependent upon the health or earning power of the taxpayers. We leave open, therefore, the question whether or not in a proper case medical expenses might be "connected with" income.

The relevant parts of ORS 316.360 provide:

"(1) Subject to subsection (2) of this section, in the case of a nonresident taxpayer the deductions allowed by ORS 316.305 to 316.350 shall be allowed only if and to the extent that they are connected with:

"(a) Income which arises from sources within the State of Oregon and which is taxed to a nonresident taxpayer under this chapter; or

"(b) Property having a situs for taxation within the State of Oregon."

The taxpayers contend that the foregoing statute denies them the equal protection of the laws and the equal privileges and immunities guaranteed by the Fourteenth Amendment and by Article IV, § 2, of the Constitution of the United States. The statute is said to be unconstitutional because nonresidents are not permitted to deduct certain amounts from their personal income taxes which residents of Oregon are permitted to deduct from their personal income taxes.

In upholding the right of the State of Oklahoma to tax a nonresident upon income earned within Oklahoma while denying him the right to deduct losses which Oklahoma residents could have deducted, the United States Supreme Court said in a dictum that the state regulations did not violate any federal constitutional right. *Shaffer v. Carter,* 252 US 37, 40 S Ct 221, 64 L Ed 445 (1920). The *Shaffer* dictum was approved and reiterated in *Travis v. Yale & Towne Mfg. Co.,* 252 US 60, 40 S Ct 228, 64 L Ed 460 (1920). The *Shaffer* and *Travis* dicta do not appear to have been questioned or weakened by any holding of the Supreme Court, and are treated in some of the law reviews as law. See Solomon, *Nonresident Personal Income Tax: A Comparative Study in Eight States,* 29 Fordham L Rev 105, 140 (1960), and Culp, *Selected Problems in Multistate Taxation,* 44 Iowa L Rev 280 (1959).

■ It has been held that the privileges-and-immunities clause bars discrimination based solely upon residence, but does not preclude disparity of treatment where there are independent reasons for it. Thus, the inquiry in each case is whether the degree of discrimination bears a close relation to the reasons, apart from residence, which a state legislature may have had for enacting an apparently discriminatory law. *Toomer*

*v. Witsell,* 334 US 385, 396, 68 S Ct 1156, 92 L Ed 1460 (1947).

■ The statute in question does not discriminate against nonresidents because they are nonresidents. Rather it is part of a statutory scheme that recognizes the tax problems created by interstate investors and commuters. (See, for similar legislation, Calif. Rev. & Tax. Code § 17301.) Like the legislatures of other states, the Oregon Legislative Assembly may have been of the opinion that personal deductions are so closely related to the state of residence that they should be allowed only by the state of residence and not by every other state in which some part of a taxpayer's income might be found and taxed. The wisdom of such a legislative policy is a matter for legislative, rather than judicial, decision. For a discussion of such legislation, see Hellerstein, State and Local Taxation 548 (2d ed 1961).

■ The Tax Court correctly looked to the decisions of the United States Supreme Court for guidance in the application of the United States Constitution to the power of a state to tax income earned within that state. In holding that the Oregon staute does not offend the federal Constitution, the Tax Court followed the only authority available, i.e., *Shaffer v. Carter* and *Travis v. Yale & Towne Mfg. Co.* In *Matter of Goodwin v. State Tax Comm.,* 286 App Div 694, 146 NYS2d 172 (1955), affirmed without opinion, 1 NY2d 680, 133 NE2d 711, dismissed for want of a substantial federal question, 352 US 805, 77 S Ct 47, 1 L Ed2d 38 (1956), the New York court decided a similar question in the same way. We agree that the authorities do not support the taxpayers' contention on the federal constitutional questions.

■■ The Tax Court also held that the statute does

not offend the Oregon Constitution. Article I, § 20, of that constitution contains the "equal privileges and immunities" clause, which does not purport to deal with the rights of nonresidents. See *Alsos v. Kendall et al.,* 111 Or 359, 227 P 286 (1924). Article I, § 32, requires all taxation to be uniform within a given class. Equality within a class is all that is necessary. *McPherson v. Fisher,* 143 Or 615, 23 P2d 913 (1933). Under the special circumstances of multistate taxation, residence is a proper classification for allowing or disallowing personal deductions in the administration of a state income tax. *Matter of Goodwin v. State Tax Comm.,* supra.

■ Finally, the Tax Court rejected the taxpayers' contention that the taxpayers ought to be allowed to prorate their personal deductions against their Oregon income in the same ratio that their total income bears to their Oregon income. The Tax Court correctly left such a proposal to the legislature. We do not pass upon the merits of the proposal. It simply cannot be read into the existing law.

Affirmed.

DENECKE, J., dissenting.

The majority is of the opinion that the decisions of the United States Supreme Court have foreclosed any further examination of the federal constitutional problem. With this I respectfully disagree.

*Shaffer v. Carter,* 252 US 37, 40 S Ct 221, 64 L ed 445 (1920), held that Oklahoma could tax the income of a nonresident earned within Oklahoma. The opinion also stated that the state did not have to accord nonresidents a deduction "by reason of losses elsewhere incurred." (252 US at 57) Whether the court was referring to business-connected losses is unclear. The

court remarked that there was no showing that the taxpayer had sustained any losses. The most reasonable interpretation of the language is that "losses" referred to those incurred in business. This is concluded because the reasoning of the court was that as long as a nonresident could only be taxed upon income produced in the state, he could only deduct losses occurring in the state; a resident is taxed upon all income, wherever produced, therefore, he should be permitted to deduct all losses, wherever incurred.

*Travis v. Yale & Towne Mfg. Co.*, 252 US 60, 40 S Ct 228, 64 L ed 460 (1920), held a New York statute to be contrary to the Equal Protection Clause of the Constitution because it did not allow personal exemptions to nonresidents. The court also commented that a state could confine deductions for "expenses, losses, etc., in the case of non-resident taxpayers, to such as are connected with income arising from sources within the taxing State * * *." (252 US at 75-76) Again, what "expenses, losses, etc." the court had in mind is unknown.

Mr. Justice Pitney wrote both decisions and I find it impossible to determine whether the opinions referred to business losses and expenses or personal expenses.

The New York court in *In Matter of Goodwin v. State Tax Comm.*, 286 App Div 694, 146 NYS2d 172 (1955), held valid a New York statute similar to the Oregon statute here at issue. It believed that Mr. Justice Pitney was referring to personal expenses, as well as business expenses. Apart from reliance upon the two United States Supreme Court decisions, the New York court attempted to advance other reasons for upholding the New York statute. I cannot agree

with its reasoning. The Oregon Tax Court, however, believed the reasoning in the *Goodwin* case to be correct and based its decisions thereon.

In order to treat nonresidents differently from residents, "[t]he State must proceed upon a rational basis and may not resort to a classification that is palpably arbitrary." *Allied Stores of Ohio, Inc. v. Bowers, Tax Comm.*, 358 US 522, 527, 79 S Ct 437, 3 L ed2d 480 (1959). What is the "rational basis" for differentiating between nonresidents and residents, other than their place of residency, which admittedly is insufficient? If any of the deductions have any possible connection to income, differentiation is valid as it is based upon the "rational basis" that only the nonresident's income produced within the state is taxable, whereas all of a resident's income, wherever produced, is taxable. The parties here have stipulated that the deductions claimed were "personal deductions." While this does not necessarily mean they had no relation to income, I assume this is the fact and the Commission makes no contrary contention.

The largest deduction, that for medical expense, will be considered typical. Perhaps it may be contended that there is a distinction in that medical expenses of a resident will be spent in the state and those of a nonresident out of the state. That can have no merit because the purpose of the deduction for medical expense is to relieve from taxation an unexpected, almost catastrophic, expenditure analagous to a casualty loss deduction. The purpose is not to encourage the expenditure of funds on Oregon medical services. It has been suggested that a nonresident may take the deduction twice, on his Oregon return and on his own state's return. However, this same

possibility exists with respect to personal exemptions, yet personal exemptions must be granted residents and nonresidents alike.

The Commission has suggested no "rational basis" for distinction and I can think of no other possibility than those just discussed. In my opinion, the allowance of these personal deductions is similar to the allowance of the personal exemptions. The Commission distinguishes exemptions from deductions on the ground that exemptions do not necessarily involve expenditures. This is true. However, I cannot see why this is material upon the issue of equal protection.

In my opinion the statute is invalid in so far as it denies to nonresidents any personal deductions although they have no relation to the production of income.

O'CONNELL, J., joins in this dissent.

## ON REHEARING

Robert Neil Gygi and Keane, Haessler, Bauman and Harper, Portland, for the petition.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

GOODWIN, J.

In a petition for rehearing the taxpayers have objected to our citation of *Alsos v. Kendall et al,* 111 Or 359, 366, 227 P 286 (1924) for dictum to the effect that Oregon Constitution, Art I, § 20, does not purport to deal with the rights of nonresidents. The statement was not necessary to the decision in *Alsos v. Kendall,* and it is not necessary to the decision in the case at bar. The statement admits of a construction that is broader than we intended to give to it, and it should be withdrawn. In all other respect we adhere to our former opinion.

Rehearing denied.