## CARL U. and KATHERINE D. JONSSON *v.*
## DEPARTMENT OF REVENUE

C. S. Emmons, Albany, and Michael Emmons, Portland, represented plaintiffs.

Richard A. Uffelman, Assistant Attorney General, Salem, represented defendant.

Decision sustaining demurrer rendered April 29, 1971.

Loren D. Hicks, Judge Pro Tempore.

The plaintiffs are Oregon taxpayers and Washington residents. They filed their complaint alleging the total amount of personal deductions itemized on their federal income tax return for 1969 was properly deductible on their Oregon tax return, and that defendant's disallowance thereof was contrary to law. The matter is now before the court upon defendant's demurrer to the complaint on the ground it does not state facts sufficient to constitute a cause of suit.

The plaintiffs presented a complicated formula and theory in support of the allegations of their complaint. Reduced to its essentials, plaintiffs' contention is that ORS 316.117 and 316.127 permit them to claim on their Oregon income tax return the personal deductions itemized on their federal tax return, regardless of the source of those deductions, in the same ratio that their Oregon adjusted gross income bears to their federal adjusted gross income. Because 100 percent of their income in 1969 was earned in Oregon, plaintiffs seek to deduct 100 percent of their federal itemized deductions for that year. Defendant, on the other hand, contends that plaintiffs can claim only those personal deductions that are connected with sources of income in Oregon. The ultimate question raised by the complaint is a legal one; that is, whether defendant's interpretation of the statutes is correct.

The principal sections in question are ORS 316.117 and 316.127, which deal with tax obligations of nonresidents and are a part of Oregon's Personal Income

Tax Act of 1969. ORS 316.007 provides that the intent of the 1969 Act is:

> "* * * to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code of 1954 relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax; to achieve this result by the application of the various provisions of the federal Internal Revenue Code relating to the definition of income, exceptions and exclusions therefrom, deductions (business and personal), * * * resulting in a final amount called 'taxable income' in the Internal Revenue Code; and to impose a tax on residents of this state measured by taxable income wherever derived and to impose a tax on the income of nonresidents that is ascribable to sources within this state."

The cardinal phrase is "taxable income." ORS 316.117 and 316.127 describe the Oregon taxable income of a nonresident as the net amount of income and deductions entering into the taxpayer's federal taxable income (as modified by special Oregon provisions) which are connected with Oregon sources, such as interests in property and a business, trade, profession or occupation.

Under both federal and state tax concepts, all items of a taxpayer's income, from whatever source, make up his "gross income." Gross income minus all business expenses gives his "adjusted gross income." The further deduction of the taxpayer's personal expenses allowed by law (contributions, home mortgage interest, medical costs, taxes, etc.) and the statutory personal exemptions for the taxpayer and each of his dependents results in his "taxable income" to which the tax rate is applied. (See Int Rev Code of 1954, § 62,

for the federal definition of "adjusted gross income" and § 63 for the definition of "taxable income.")

ORS 316.117 and 316.127 provide in part as follows:

ORS 316.117:
"The taxable income of a nonresident individual is that part of his federal taxable income attributable to sources within this state determined by reference to ORS 316.127."

ORS 316.127:
"(1) The adjusted gross income of a nonresident derived from sources within this state is the sum of the following:

"(a) The net amount of items of income, gain, loss and deduction entering into his federal adjusted gross income that are derived from or connected with sources in this state * * *; and

"(b) The portion of the modifications described in ORS 316.067 and 316.077 that relate to income derived from sources in this state, * * *.

"(2) Items of income, gain, loss and deduction derived from or connected with sources within this state are those items attributable to:

"(a) The ownership or disposition of any interest in real or tangible personal property in this state; and

"(b) A business, trade, profession or occupation carried on in this state.
"* * * * *

"(8) In computing the taxable income of a nonresident individual, the optional standard deduction as defined in section 141 of the Internal Revenue Code, if applicable, and the personal exemptions as defined in section 151 of the Internal Revenue Code, shall all be allowed in the proportion that the adjusted gross income of the taxpayer from Oregon sources bears to the total adjusted

gross income from all sources before any deductions therefrom.

"(9) The 'adjusted gross income' as used in this section, means the adjusted gross income as defined in section 62 of the Internal Revenue Code with adjustments for necessary additions and subtractions of income under this chapter."

Clearly, the intent of these sections is to tax only the net amount of the nonresident's income and deduction items that are attributable to sources of income in Oregon. They provide that a nonresident Oregon taxpayer who itemizes his personal deductions on his federal tax return can deduct on his state return only those personal expenditures connected with sources of income in Oregon. He cannot prorate the total of those federal itemized deductions, and, having elected to itemize on his federal return, he cannot use the optional standard deduction or any portion of it. This denial of the privilege of prorating the total of itemized deductions is inferred by subsection (8) of ORS 316.127 which allows a prorate of only the personal exemption and, if applicable, the optional standard deduction. "*Expressio unius est exclusio alterius.*" Furthermore, ORS 316.117, together with other parts of ORS 316.127, specifically provides that all items of deduction (other than the two exceptions of subsection (8)) must be attributable to the taxpayer's income in Oregon.

Plaintiffs itemized their personal deductions on their 1969 federal return; therefore, they can deduct on their 1969 Oregon return only items of personal expense, if any, which were ascribable to sources of income in Oregon. Defendant's interpretation of ORS 316.117 and 316.127 is correct.

Plaintiffs argue that ORS 316.127 (8) does not apply generally to nonresident taxpayers, but only to the unusual situation recognized in ORS 316.122 (3) of taxpayers who are a married couple, only one of whom is an Oregon resident and who file a federal joint return. It is the court's opinion that no such limited application was intended for ORS 316.127 (8) and that the argument to that effect is without merit.

Plaintiffs also argue that, if defendant's interpretation is found to be correct, the provisions of the Personal Income Tax Act of 1969 pertaining to deductions by nonresidents would be in violation of the United States Constitution, Art IV, § 2, because it would discriminate between nonresidents who elect to itemize deductions on their federal income tax returns and those who elect to use the standard deduction, and that such discrimination would be based solely on the fact they are nonresidents since no such distinction is made between resident taxpayers.

At the time of oral argument on the demurrer, plaintiffs moved to amend their complaint by adding an alternative allegation or cause that would have raised the constitutional issue. Defendant objected to the motion, relying on ORS 305.425 (3), which provides that issues appealable to the Tax Court are "restricted to those raised by the parties in the appeal to the department." No issue of constitutionality was raised in the appeal to the department. Furthermore, the matter was before the court for an argument on a demurrer to a complaint. By their argument and motion to amend, plaintiffs were attempting to raise new and different questions involving procedural, jurisdictional and constitutional problems which are not properly a part of a hearing on a demurrer based on

failure to state a cause of suit. The plaintiffs' motion to amend was not allowed, and their argument on a constitutional basis is not considered in this opinion.

The sole question before the court on the demurrer is whether the defendant's interpretation of the tax law as it applies to plaintiffs is correct. It is the court's decision that defendant's interpretation and application of the law are correct and that, therefore, the complaint does not state a cause of suit. Defendant's demurrer is sustained.

Plaintiffs are allowed 20 days to plead over.