# CARL U. AND KATHERINE D. JONSSON *v.* DEPARTMENT OF REVENUE

Michael Emmons, Portland, represented plaintiffs.

Richard A. Uffelman, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered September 30, 1971.

LOREN D. HICKS, Judge pro tempore.

Plaintiffs appeal from a Department of Revenue order requiring them to pay additional personal in-

come taxes for the year 1969. During 1969 plaintiffs, who are residents of the State of Washington, earned income in Oregon. On their Oregon tax return they apportioned their federal itemized deductions according to the proportion that their total Oregon adjusted gross income bore to their total adjusted gross income from all sources. The defendant department rejected the deductions on the basis that the applicable statutes pertaining to nonresident taxpayers, ORS 316.117 and 316.127, did not permit apportionment of personal itemized deductions on a formula basis.

Thereafter plaintiffs appealed to this court, presenting the issue of whether plaintiffs' or the department's interpretation of ORS 316.117 and 316.127 was correct. The defendant demurred to plaintiffs' complaint on the ground it did not state a cause of suit. This court sustained the demurrer on April 30, 1971, concluding that defendant's interpretation of the statutes was correct. The decision recognized that ORS 316.127(8) allows nonresident taxpayers to apportion the personal exemption and also the optional standard deduction if it was used on the federal return. *Jonsson v. Dept. of Rev.*, 4 OTR 376 (1971).

Plaintiffs thereafter filed an amended complaint adding an allegation that ORS 316.117 and 316.127 violate the equal privileges and immunities provision of the United States Constitution, Art IV, § 2.[1] Defendant answered with a general denial and the case came to trial. There being no disagreement on the facts and the question of interpretation having been

---

[1] "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." United States Constitution, Art IV, § 2.

settled by the court's decision on the demurrer, the only issue to be decided is that of constitutionality.

The Personal Income Tax Act of 1969 provides in ORS 316.007 that Oregon personal income tax law shall be:

> "* * * identical in effect to the provisions of the federal Internal Revenue Code of 1954 relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax; to achieve this result by the application of the various provisions of the federal Internal Revenue Code relating to the definition of income, exceptions and exclusions therefrom, deductions (business and personal), * * * resulting in a final amount called 'taxable income' in the Internal Revenue Code; and to impose a tax on residents of this state measured by taxable income wherever derived and to impose a tax on the income of nonresidents that is ascribable to sources within this state."

The plaintiffs argue that ORS 316.117 and 316.127 of the 1969 Act are discriminatory because they fail to allow nonresidents who have elected to itemize deductions on their federal income tax return to prorate those deductions on their Oregon return and that the only reason for the discrimination is the mere fact of nonresidency. Plaintiffs point out that resident taxpayers can deduct in full either their itemized personal expenses or the standard deduction, depending on which was used on their federal return, and that nonresidents who use the standard deduction on their federal return may prorate that deduction. They argue that on the other hand nonresidents like themselves who itemize personal deductions on the federal return are in effect allowed no Oregon deduction for personal expenses because they cannot use the stand-

ard deduction, they cannot prorate their itemized deductions and they have few deductions to itemize for Oregon because personal expenses are seldom attributable to sources of income.[2] Plaintiffs recognize that the choice of itemizing on the federal return lies with the taxpayer,[3] but they contend that the Oregon requirement of holding the taxpayer to that election for purposes of his Oregon tax is not a fair election because the taxpayer with a large amount of personal deductions would never take the standard deduction on his federal return. All of this they claim is so unreasonably discriminatory that it is unconstitutional.

Both parties cite *Berry v. Tax Commission*, 241 Or 580, 397 P2d 780, 399 P2d 164 (1965), as the leading Oregon case dealing with the question of constitutionality of a tax statute that treats tax deductions of nonresidents differently from those of residents. That case involved Californians with taxable income in Oregon whose personal itemized deductions not connected with their Oregon income had been disallowed by the Tax Commission. Oregon tax law at that time provided in ORS 316.360 (as the 1969 Act now provides) that expenditures of a nonresident taxpayer could be deducted only to the extent they were connected with income in Oregon, and no proration of personal deductions was allowed. The issue was whether such a limitation denied nonresidents equal protection of the laws and the equal privileges and immunities guaranteed by the Fourteenth Amendment and by the United States Constitution, Art IV, § 2.

---

[2] Plaintiffs' necessary meal expense away from home in Oregon incurred for the benefit of their employers was allowed by the department as a personal deduction.

[3] Int Rev Code of 1954, § 144.

The Oregon Supreme Court, in holding the statute constitutional, stated:

"The statute in question does not discriminate against nonresidents because they are nonresidents. Rather it is part of a statutory scheme that recognizes the tax problems created by interstate investors and commuters. (See, for similar legislation, Calif. Rev. & Tax. Code § 17301.) Like the legislatures of other states, the Oregon Legislative Assembly may have been of the opinion that personal deductions are so closely related to the state of residence that they should be allowed only by the state of residence and not by every other state in which some part of a taxpayer's income might be found and taxed. The wisdom of such a legislative policy is a matter for legislative, rather than judicial, decision. For a discussion of such legislation, see Hellerstein, State and Local Taxation 548 (2d ed 1961)." *Berry v. Tax Commission,* 241 Or 580, 584, 397 P2d 780, 399 P2d 164 (1965).

The court cited with approval the decisions of the United States Supreme Court in *Shaffer v. Carter,* 252 US 37, 40 S Ct 221, 64 L Ed 445 (1920), and *Travis v. Yale & Towne Mfg. Co.,* 252 US 60, 40 S Ct 228, 64 L Ed 460 (1920), and also a New York case, *Matter of Goodwin v. State Tax Comm.,* 286 App Div 694, 146 NYS2d 172 (1955), affirmed without opinion, 1 NY2d 680, 133 NE2d 711, dismissed for want of a substantial federal question, 352 US 805, 77 S Ct 47, 1 L Ed2d 38 (1956).

Another case in point is *Stiles v. Currie,* 254 NC 197, 118 SE2d 428 (1961). A resident of Georgia sought to deduct from his income earned in North Carolina that proportion of his total itemized personal deductions that his North Carolina gross income bore to his total gross income. Resting its decision on

*Shaffer v. Carter, Travis v. Yale & Towne Mfg. Co.,* and *Matter of Goodwin v. State Tax Comm., supra,* the North Carolina Supreme Court held that the state statute which permitted a nonresident to claim only those personal deductions related to North Carolina was not an arbitrary discrimination in violation of the United States Constitution even though its effect was to deny the nonresident the right to deduct even a percentage of such personal expenditures.

■ *Berry v. Tax Commission, supra,* and the other cases cited above clearly establish that although the privileges and immunities clause of the Constitution bars discrimination based solely upon residence, it does not preclude disparity of treatment where the legislature had independent reasons for it apart from residence. Oregon may impose a tax on the income of its residents wherever derived, but it can tax only that portion of the income of nonresidents ascribable to Oregon. It is not arbitrary or unreasonable therefore that residents are allowed their personal deductions wherever incurred while nonresidents are limited by ORS 316.117 and 316.127 to taking only deductions which are attributable to Oregon sources of income or a proration of the standard deduction. Those statutes also reflect, along with the rest of the 1969 Act, the reasonable legislative intent to simplify Oregon personal income tax reporting by making the provisions of the federal Internal Revenue Code and the taxpayer's federal tax return the measurement of individual state income tax liability with as few modifying computations as possible.

The crux of plaintiffs' argument is that the Oregon legislature cannot deny to nonresident taxpayers who itemize personal deductions on their federal re-

turns a proportion of those itemized deductions when nonresidents who use the standard deduction on their federal returns are allowed a proportion of that deduction. This argument is based on the premise that the election by nonresident taxpayers between two personal deduction alternatives creates two classifications of nonresident taxpayers between which the 1969 Act unreasonably discriminates in allowing one group to prorate the resulting deduction while denying such privilege to the other. Plaintiffs cite *Travis v. Yale & Towne Mfg. Co., supra,* which held a state could not allow resident taxpayers a personal exemption while denying it to nonresident taxpayers.

■ It is the conclusion of the court that the Act is not an arbitrary discrimination against nonresidents as contended by plaintiffs. The making of the election by the nonresidents does not create two separate classifications of taxpayers each of which by constitutional mandate must thereafter be treated the same as the other. The difference in consequences resulting from the election is not discriminatory, and it stems from the election itself, not from the taxpayer's status as a nonresident. The United States Constitution requires that the citizens of each state shall be entitled to all privileges and immunities of all other citizens; it does not require that each course of action offered to all citizens shall have the same and equal advantages as each alternate course of action, thus making the choice between them easier.

The statutes in question meet the requirement of the federal Constitution. Granting to nonresident taxpayers who use the standard deduction on their federal return the privilege of prorating such standard deduction does not discriminate against nonresident

taxpayers who elect not to use the standard deduction. Every Oregon taxpayer, resident and nonresident, is required to use his federal return as the controlling basis of his state return; every taxpayer has the same privilege of electing whether to itemize his personal deductions or use the standard deduction; and every taxpayer has the privilege of choosing the alternative which will give him the greater overall tax advantage.

Whether to grant to nonresident taxpayers the privilege of prorating itemized deductions is a matter exclusively for legislative decision. It should be noted that the 1971 Oregon legislature amended ORS 316.117 to grant that privilege commencing with the taxable years after December 31, 1970. Or L 1971, ch 672, § 1.

The order of the Department of Revenue is sustained.