RAYMOND H. WILSON AND MARY C. WILSON
*v.* DEPARTMENT OF REVENUE

LaVorn A. Taylor, Portland, represented plaintiffs.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered October 11, 1972.

HALL S. LUSK, Judge Pro Tempore.

The Oregon Personal Income Tax Act of 1969 provided that a nonresident who had income attributable to sources within this state and who itemized his personal deductions on his federal income tax return

would be allowed as personal deductions in his Oregon return only such items as were attributable to sources of income in Oregon. Or L 1969, ch 493, § 23; ORS 316.117 and 316.127, before amendment by Or L 1971, ch 672, § 1(4). *Jonsson v. Dept. of Revenue,* 4 OTR 376 (1971).

The plaintiffs in this case, Raymond H. Wilson and Mary G. Wilson, husband and wife, are residents of Vancouver, Washington, who had Oregon income in 1969. Although not alleged in the complaint, and no evidence was introduced, it is conceded by the defendant, Department of Revenue, that the Oregon income was salary earned by the taxpayers within the State of Oregon. They filed a joint return in which they showed 86.5 percent of total income to be taxable by Oregon and claimed the right to deduct 86.5 percent of total personal expenses, amounting to $2,274, itemized on their federal return. This was on the theory that they were entitled to deduct the same proportion of personal expenses as their Oregon income bore to their total income. This was the rule in 1969 made applicable by the statute when the nonresident taxpayer took the standard deduction in his federal return, but not when he itemized his deductions.

The Department disallowed the claimed deductions on the ground that they were not connected with sources within the State of Oregon and assessed a deficiency. The taxpayers appeal.

It should first be noted that plaintiffs do not question the interpretation of the 1969 statute announced in the *Jonsson* case and which is above summarized. Neither is there a claim of unconstitutional discrimination as between taxpayers who use the standard deduction in their federal return and those who itemize their

deductions. That claim was rejected by this court in the second opinion in the *Jonsson* case, 4 OTR 537, 543-544 (1971). And no violation of the Oregon Constitution is alleged.

The sole contention of the plaintiffs is, as alleged in their complaint, that ORS 316.117 and 316.127 as "interpreted and applied are repugnant to and in contravention of and in violation of the provisions of the Constitution of the United States."

Good pleading, it seems to me, requires that the specific provisions of the Constitution claimed to be violated should be identified in the complaint. We are left to find out about that from the brief and oral argument. In the plaintiffs' brief it is stated to be the issue that the sections of the statute involved "are unconstitutionally discriminatory because they do not allow nonresidents who have elected to itemize deductions on their federal income tax return to claim those deductions on their Oregon return or to prorate them, although this privilege is allowed to all resident taxpayers, and that the only reason for the discrimination is the mere fact of nonresidency."

██ This is the very question decided by the Supreme Court of Oregon in *Berry v. Tax Commission,* 241 Or 580, 397 P2d 780, 399 P2d 164 (1965). The statute, former ORS 316.360, was substantially the same as that under challenge here and the court held, contrary to the nonresident taxpayer's contention, that the statute did not discriminate against nonresidents because they were nonresidents, and did not violate either the Equal Protection Clause of the Fourteenth Amendment or the Privileges and Immunities provision (Art IV, § 2) of the Constitution of the United States. *Berry* was cited as controlling authority by

this court in the *Jonsson* case and counsel for the plaintiffs concedes that the case is in point.

These things being so, decision in this case is controlled by the *Berry* decision, and it would be fruitless to enter upon a discussion of the interesting and ably presented contention of counsel for the plaintiffs, based on recent decisions of the Supreme Court of the United States, that the statutes here in question violate the constitutionally protected right of interstate travel. See, e.g., *Shapiro v. Thompson,* 394 US 618, 89 S Ct 1322, 22 L Ed2d 600 (1969). The implied invitation to overrule the *Berry* decision is declined.

It follows that the order of the Department of Revenue appealed from is sustained.