Argued June 6, affirmed October 25, 1973

# WILSON ET UX, *Appellants, v.* DEPARTMENT OF REVENUE, *Respondent.*

514 P2d 1334

*LaVorn A. Taylor,* Portland, argued the cause and filed briefs for appellants.

*Walter Apley,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and Theodore W. deLooze, Assistant Attorney General.

McALLISTER, J.

The plaintiffs are residents of Washington, who contend that the Oregon Personal Income Tax Act of 1969 violated the Constitution of the United States because it did not allow them to deduct on their Oregon income tax return the same itemized personal deductions as they could have deducted if they were residents of Oregon.

The plaintiffs are husband and wife who reside in Vancouver and who, during 1969, earned salary income within Oregon. They filed joint returns showing that 86.5 per cent of their total income was taxable by Oregon and claimed the right to deduct on their Oregon return 86.5 per cent of the total personal deductions itemized on their federal return on the theory that they were entitled to the same proportion of their personal deductions as their Oregon income bore to their total income.

ORS 316.117 and 316.127 as applied to 1969 income provided that if a nonresident took the standard deduction on his federal return he was allowed to deduct that portion of the standard deduction that his Oregon income bore to his total income, but that if a nonresident elected to itemize his personal deductions on his federal return he could deduct on his Oregon return only those items attributable to sources of income in Oregon.

The sole issue on this appeal is whether the Oregon act violated the Constitution of the United States because it allowed a nonresident who itemized his personal deductions on his federal return to deduct

on his Oregon return only those deductions attributable to sources of income in Oregon, while it allowed a resident who itemized his personal deductions on his federal income tax return to deduct all of such itemized deductions on his Oregon return.

This is the same issue decided by this court in *Berry v. Tax Commission,* 241 Or 580, 397 P2d 780, 399 P2d 164 (1965). Since there is no significant difference between the statute construed in *Berry,* ORS 316.-360, effective in 1959, and the statutes effective in 1969, *Berry* is controlling in this case. No purpose would be served by re-examining the basic question decided in *Berry.*

The judgment of the Tax Court is affirmed.

DENECKE, J., dissenting.

I dissent for the reasons stated in my dissent in *Berry v. Tax Commission,* 241 Or 580, 397 P2d 780, 399 P2d 164 (1965). In 1971 and 1973 the legislature essentially corrected the inequity which caused this litigation; therefore, this constitutional issue will not arise again in this context. Oregon Laws 1971, ch 672; Oregon Laws 1973, ch 269.

O'CONNELL, C. J., joins in this dissent.