# IN THE OREGON TAX COURT

## WOOD et al
*v.*
## DEPARTMENT OF REVENUE
(TC 2365)

Plaintiff appeared on his own behalf.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered February 13, 1987.

## CARL N. BYERS, Judge.

Plaintiff appeals from personal income tax assessments by defendant for the tax years 1979, 1980 and 1981. The parties have stipulated to the facts, leaving the court to focus upon the legal issues.

The relevant facts are as follows: Petitioner is a Washington resident who, during the years in issue, was an attorney licensed and practicing in the State of Oregon. Plaintiff paid alimony to two former wives, both of whom are residents of Oregon. Plaintiff's present and future Oregon law practice income was a major factor considered in determining the amount of alimony to be paid.

Plaintiff claimed an adjustment to his Oregon income by deducting the amount of alimony paid in each of the years in question. Plaintiff's former wives paid income tax on the alimony received. All of the alimony payments involved herein were paid directly out of plaintiff's Oregon law practice income. The law in effect at the time of the divorce negotiations allowed the plaintiff a pro rata deduction for alimony in arriving at his Oregon taxable income. Defendant disallowed plaintiff's claimed adjustment to his Oregon income and also refused to allow plaintiff a pro rata deduction.

The issues which arise from the above facts may be viewed as a form of legal leakage from the fissures which have appeared over time in the tax structure where the Oregon Code is joined to the federal Tax Code. Careful examination of that relationship and a brief glance at the tax history of alimony discloses the issues before the court.

■ Prior to 1942, alimony for federal income tax purposes was considered a nondeductible personal expense.

"The 1942 Act amended the 1939 Code to provide that in computing the net income of a husband there shall be allowed as deductions alimony or separate maintenance payments made by him during the taxable year which are includible in the gross income of the wife." Mertens Law of Federal Income Taxation § 31A.01, at 2.

■ With the adoption of the Personal Income Tax Act of 1969, the Oregon state income tax laws looked to the federal laws for the measure of taxable income (with modifications) and for definitions of the terms and tax concepts. 1969 Or

Laws ch 493. Thus, as indicated by the stipulated facts, at the times when plaintiff dissolved his marriages, both federal and state tax laws allowed him an itemized deduction for alimony paid. Since plaintiff was a nonresident his itemized deduction for alimony, in computing his Oregon income tax, was pro-rated based upon the proportion of his Oregon income to his total income.

■        However, in the 1976 Tax Reform Act, Congress changed alimony from an itemized deduction to a deduction from gross income in arriving at adjusted gross income. IRC § 62. This change made alimony deductible by taxpayers whether or not they itemized their deductions. Since the Oregon statutes adopt federal taxable income as a starting point, this change was automatically incorporated into the state income tax system. While this change was also beneficial to Oregon residents for Oregon income tax purposes, it worked to the disadvantage of the nonresident who paid Oregon income tax.[1] This brings us to the relevant statutes in this case.[2]

The first two subsections of ORS 316.117 provide as follows:

"(1)   The taxable income of a nonresident individual is his adjusted gross income attributable to sources within this state determined by ORS 316.127 less the deductions allowed by this section.

"(2)   A nonresident shall be allowed the deduction for a standard deduction or itemized deductions allowable to a resident under subsection (1) of ORS 316.068 in the proportion provided in subsection (5) of this section."

■        The itemized deductions allowed under ORS 316.068(1) were modifications made to the taxpayers "federal taxable income." Thus, it should be apparent that if the federal law no longer allowed alimony as an itemized deduction, neither a resident nor a nonresident in Oregon would be allowed an itemized deduction for alimony on their Oregon

---

[1] By making alimony deductible from gross income, Congress not only benefited taxpayers who did not wish to itemize but also benefited those who did to the extent that certain itemized deductions, such as medical deductions, are affected by the amount of the taxpayer's adjusted gross income.

[2] The statutes quoted are those in effect in 1979.

return. This, of course, caused residents no concern because alimony was instead allowed as a deduction from their adjusted gross income. However, for a nonresident, ORS 316.117 specifically defines "his adjusted gross income" by referring to ORS 316.127.[3] Turning to that statute we find the following definition (only the relevant portions are quoted):

"(1)   The adjusted gross income of a nonresident derived from sources within this state is the sum of the following:

"(a)   The net amount of items of income, gain, loss and deduction entering into his federal adjusted gross income that are derived from or connected with sources in this state including (A) his distributive share of partnership income and deductions and (B) his share of estate or trust income and deductions; and

"* * * * *

"(2)   Items of income, gain, loss and deduction derived from or connected with sources within this state are those items attributable to:

"(a)   The ownership or disposition of any interest in real or tangible personal property in this state; and

"(b)   A business, trade, profession or occupation carried on in this state."

Plaintiff contends that his alimony payments should be deductible from his gross income for Oregon purposes since they are "derived from or connected with sources in this state." Defendant responds that the definition of "items" contained in subsection (2) requires such items to be "attributable" to plaintiff's profession carried on in this state. Is the alimony paid by plaintiff from his law practice income "attributable" to his law practice? The key question is what does "attributable" mean? ORS 316.012 provides:

"Any term used in this chapter has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined in this chapter."

---

[3] Although subsection (8) of ORS 316.127 adopts the federal definition of adjusted gross income as found in IRC § 62, this does not help plaintiff. ORS 316.127 may start with that definition of adjusted gross income, but it expressly takes into account only "those items attributable" to the source of income in the state.

■ Defendant correctly points out that the term "attributable" is used in the same sense in IRC § 62 in defining adjusted gross income with respect to trade or business deductions. In that context, for an expense to be attributable to an individual's trade or business it must be directly incurred in the trade or business. *Tanner v. Commissioner,* 45 TC 145 (1965), *aff'd per curiam* 363 F2d 36 (CA-4, 1966). In Rev Rul 70-40, 1970-1 CB 50, the Internal Revenue Service distinguishes expenses "attributable to a trade or business" for purposes of IRC § 62(1) (adjusted gross income) and IRC § 172(d)(4) (net operating loss deductions). There, the Service found that while state income taxes imposed upon a taxpayer's trade or business income are attributable to his trade or business for purposes of determining a net loss from the trade or business, they are not sufficiently directly related to the conduct of the trade or business to be "attributable" for purposes of defining adjusted gross income. It appears to this Court that alimony expenses are even less related to a taxpayer's trade or business than state income taxes.

Plaintiff argues that ORS 316.012 expressly provides for the court to find a "different meaning" than used in the federal income tax laws because the federal meaning is so contrary to legislative intent. Plaintiff points to ORS 316.007, which indicates that it is the legislative intent:

> "[T]o make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code of 1954 relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax and the revenue needs of the state; * * *."

The weakness of plaintiff's argument is that the term which the court must construe is found in the context of a legislative modification. That is, ORS 316.127 is specifically directed at modifying a person's federal income tax for purposes of Oregon. While the legislature may well have intended a nonresident's taxable income to be the same as his federal except on a proportionate basis, ORS 316.127 does not express such intent. Moreover, if the court were to stretch the meaning of "attributable" in order to take in alimony for purposes of ORS 316.127, there may be other expenses or obligations which another nonresident taxpayer may consider to be on a par with alimony. As it is, defendant apparently now allows

nonresidents to deduct proportional amounts of their individual retirement account contributions. OAR 150-316.127(1)(a)-(C). It is questionable in the court's mind whether such expenses have the necessary direct relationship to be "attributable to a trade or business." Such contributions are deductible under IRC § 62, not by virtue of being attributable to a trade or business, but by simple statutory specification.

■ Plaintiff also contends that the disallowance of alimony as either a deduction from gross income or an itemized deduction from adjusted gross income constitutes double taxation in violation of the United States Constitution, article IV, section 2, and the fourteenth amendment, section 1. While it is true that the same income may be taxed twice, once to plaintiff and once to his two former wives who pay income tax on their alimony, there's no double taxation as to plaintiff. Moreover, the Constitution leaves the legislature broad discretion in determining what exemptions or deductions may be extended to nonresidents. *Berry v. Tax Commission,* 241 Or 580, 397 P2d 780, 399 P2d 164 (1965), and *Jonsson v. Dept. of Revenue,* 4 OTR 537 (1971).

Review of the statutes leads the court to believe that the legislature has simply not been made aware of the problem. By making IRC § 62 a hodgepodge collection of adjustments to gross income, the federal changes have made ORS 316.127 unclear and unfair to the nonresident. In light of the policy expressed in ORS 316.007, it is hoped that the legislature will remedy this situation.

The court, therefore, concludes that plaintiff is not entitled to a deduction for alimony paid and that the assessments of the defendant are valid. Judgment will be entered sustaining defendant's Opinion and Order No. 3-0343-A(M). Defendant to recover its costs.