American Home Products Corp. *v.* Board of Assessment Appeals of Northumberland County, Penna. Milton Area School District and the Borough of Milton, Appellants.

Argued May 2, 1984, before Judges ROGERS, CRAIG and COLINS, sitting as a panel of three.

*Robert E. Benion,* for appellants.

*John E. Garippa,* for appellee.

Opinion by Judge Craig, June 6, 1984:

In this tax assessment case, two of the taxing bodies, the Borough of Milton and the Milton Area School District, have appealed from an order of the Court of Common Pleas of Northumberland County which, pursuant to a settlement stipulation entered into by American Home Products Corp., the taxpayer, and the Board of Assessment Appeals of Northumberland County, reduced the overall assessment on the landowner's real estate from $992,650 to $620,000, effective for the year 1980 and thereafter, and which also ordered the taxing bodies to pay refunds for the years 1980-82 to the landowner.

Although the borough and school district were not parties to the tax assessment appeal which the taxpayer pursued in the common pleas court, they have appealed to this court under the authority of section 706 of the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571 *as amended,* 72 P.S. §5453.706, which expressly allows each taxing body to appeal to this court "as though it had been a party to the proceedings" in the common pleas court "even though it was not such a party in fact."

Although the taxpayer and board apparently held nonevidentiary conferences with the court, as well as between themselves, the court of common pleas held no hearing and received no evidence whatsoever. In actual effect, the taxpayer and the board entered into an agreed settlement of the case, embodying that set-

66

tlement in a written stipulation specifying $620,000 as the proper assessed value and listing the refunds to be made by the county school district and borough for the years 1980, 1981 and 1982. The final order of the common pleas court simply "approved" the "stipulation of counsel" and ordered that the tax assessment be fixed in accordance with the agreement enbodied in the stipulation.

We do not have the benefit of any opinion from the common pleas court because the issues which the borough and school district now raise were never presented to that court—a consequence of the rather unusual statute, cited above, which permits appeals by non-parties.

The borough and school district here contend, as their first issue, that the taxpayer established no legal basis for reducing the assessment. Secondly, they question whether the common pleas court had the authority to order the borough and school district to pay refunds when they were not parties to the proceeding before that court.

With respect to the first issue, the borough and school district rely upon *Deitch Company v. Board of Property Assessment, Appeals and Review*, 417 Pa. 213, 209 A.2d 397 (1965) and *Pittsburgh Miracle Mile Town & County Shopping Center, Inc. v. Board of Property Assessment, Appeals and Review*, 417 Pa. 243, 209 A.2d 394 (1965) for the proposition that any stipulation as to the assessed value of real estate for taxation is legally ineffective. Those decisions do not stand for a proposition that broad. Essentially, they both hold that a taxpayer and a county board cannot, by stipulation, confine the purview of a tax assessment appeal only to the assessed value of the land, leaving the value of improvements as unchallenged and unchallengeable. *Deitch* and *Pittsburgh Miracle Mile* held

stipulations of that sort to be ineffective because they contravened the principle that the controlling issue in a real estate assessment appeal is the correctness of the total assessment of the property as a whole. *North Park Village, Inc. v. Board of Property Assessments,* 408 Pa. 433, 184 A.2d 253 (1962).

More precisely, the key issue in this case is whether in a tax assessment appeal, a revision of the assessment can be accomplished by a settlement between the taxpayer and the county assessment board, without any presentation of evidence or the making of any record, particularly when one or more of the taxing bodies have elected not to be parties to the proceeding.

The provisions of the statute provide the answer to the question. Section 704 of the Law, 72 P.S. §5453.-704, provides, in pertinent part as follows:

(a) Any person ... who may feel aggrieved by the order of the board in relation to such assessment, may appeal from the order of the board to the court and thereupon the court shall proceed at the earliest convenient time to be by them appointed, of which notice shall be given to the board, *to hear the said appeal and the proofs in the case,* and to make such orders and decrees *determining from the evidence submitted at the hearing.*

(b) In any appeal of an assessment the court shall make the following determinations:

(1) The current market value for the tax year in question.

(2) The common level ratio.

. . . .

(Emphasis added.)

Because the statute, in section 706, as noted first above, clearly allows one or more the taxing bodies

to stand aloof from the common pleas appeal proceedings and yet attack them subsequently, we must conclude that assessment revision by agreed settlement, without evidence, is not permissible under this statute, which expressly calls upon the court "to hear . . . the proofs in the case" and to make its decision by "determining from the evidence submitted at the hearing." We note that the statute contains no provision requiring that notice of a stipulation or settlement in the court proceeding be given to taxing bodies not on the record.

Here we have no evidentiary record. Yet the taxpayer alleges that it and the county board each obtained expert appraisals, and that those appraisals provided an informed basis for the settlement agreement. The borough and school district point out that no such appraisals are upon the record and therefore are not before us. If one or more informative appraisals did exist, the taxpayer and the county board could have placed them upon the record, to provide the evidentiary basis which the statute so specifically demands.

Our conclusion, therefore, is that the statute itself requires that we reject an assessment revision achieved in the common pleas court by settlement agreement alone; the statutory wording leaves no alternative to the providing of evidence in this kind of case, the nature of which directly affects the public revenues and therefore the public in general. We do not reach the question of whether or not notice of a settlement should have been afforded to the nonparticipating taxing bodies because we conclude that the statute prohibits a decision based upon a settlement agreement without an evidentiary record.

Nor do we reach the second issue, relating to the validity of the agreed refunds, because we must re-

mand the case for review of the assessment pursuant to an evidentiary hearing as specified by section 704 of the Law.

ORDER

Now, June 6, 1984, the order of the Court of Common Pleas of Northumberland County dated December 29, 1982, is reversed, and this case is remanded for consideration of the tax assessment appeal pursuant to an evidentiary hearing in accordance with this opinion and the governing statute.

Jurisdiction relinquished.

Judge COLINS dissents.