561 A.2d 1305

**TRUCK TERMINAL MOTELS OF AMERICA, INC.**

v.

**BERKS COUNTY BOARD OF ASSESSMENT APPEALS.**

**Appeal of TULPEHOCKEN AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued April 3, 1989.

Decided July 19, 1989.

Joseph E. DeSantis, with him, David J. Batdorf, DeSantis, Schmehl & DeSantis, Reading, for appellant.

Joseph C. Mossop, with him, James S. Rothstein, Reading, for Berks County Bd. of Assessment Appeals.

David M. Kozloff, with him, Ronald E. Cirba, Kozloff, Diener, Payne & Fegley, Wyomissing, for Truck Terminal Motels of America, Inc.

Before CRAIG and BARRY, JJ., and KALISH, Senior Judge.

## OPINION

BARRY, Judge.

The Tulpehocken Area School District (School District) appeals an order of the Court of Common Pleas of Berks County which, pursuant to a stipulation between Truck Terminal Motels of America, Inc. (taxpayer) and the Berks County Board of Assessment Appeals (Board), assessed the taxpayer's property at $184,000.00.

In October of 1987, the Board assessed the taxpayer's property at $250,000.00. The taxpayer filed an appeal with the Court of Common Pleas of Berks County pursuant to Section 9 of the Third Class County Assessment Law, Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. § 5350 (Supp.1988–89) and Sections 518.1 and 518.2 of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* § 518.1 added by Act of December 28, 1955, P.L. 917, *as amended,* § 518.2 added by Act of December 13, 1982, P.L. 1160, *as amended,* 72 P.S. §§ 5020–518.1—5020–518.2 (Supp. 1988–89). By letter of November 28, 1987, the solicitor for the Board informed the School District's attorney of the taxpayer's appeal and asked if the School District wished to intervene. The School District's attorney responded by letter of January 12, 1988, that it did not wish to intervene.

The Board and the taxpayer engaged in negotiations which resulted in a stipulation by them that the assessed value of the property was $184,000.00. The trial court accepted the stipulation and entered an order to that effect. The School District filed a timely notice of appeal, thereby necessitating our review.

 The School District argues that the trial court erred in reducing the assessment based upon the stipulation without conducting a hearing. Both the Board and the taxpayer argue that the School District's appeal must be dismissed because of its refusal to intervene before the common pleas court. We do not agree.

Pa.R.A.P. 501 states: *"Except where the right of appeal is enlarged by statute,* any *party* who is aggrieved by an

appealable order ... may appeal therefrom." (Emphasis added.) The School District relies upon our decision in *American Home Products Corp. v. Board of Assessment Appeals of Northumberland County,* 83 Pa.Commonwealth Ct. 64, 476 A.2d 497 (1984), in arguing that its appeal here is permitted. There the taxpayer filed an appeal from the Board's assessment to the court of common pleas. The taxing bodies did not participate before the court of common pleas and that court entered an order reducing the assessment. Those taxing bodies then appealed to this Court. That assessment appeal was governed by Section 706 of the Fourth to Eighth County Assessment Law, Act of May 21, 1943, P.L. 571 *as amended,* 72 P.S. § 5453.706 (Supp.1988–89), which states:

> The corporate authorities of any county, borough, town, township or school district, which may feel aggrieved by the assessment of any property or other subject of taxation for its corporate purposes, shall have the right to appeal therefrom, in the same manner, subject to the same procedure and with the like effect as if such appeal were taken by a taxable with respect to his assessment, and *in addition may take an appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before such board or court, even though it was not such a party in fact.* (Emphasis added.)

We stated that this provision "clearly allows one or more of the taxing bodies to stand aloof from the common pleas proceedings and yet attack them subsequently...." *American Home Products* at 67–68, 476 A.2d at 499.

The present case is governed by both the General Assessment Law and the Third Class County Assessment Law. The latter has a provision identical to the one quoted above involving appeals by taxing bodies. 72 P.S. § 5350i (Supp. 1988–89). Based upon this section of the Third Class County Assessment Law, Pa.R.A.P. 501 and our decision in *American Home Products,* the School District's failure to intervene before the common pleas court does not affect its ability to file the present appeal.

The School District also relies upon *American Home Products* for authority that the trial court's order based upon a stipulation of the parties, without a hearing, was error. We did there hold that an evidentiary hearing was required. Section 704(a) of the Fourth to Eighth County Assessment Law provided:

"Any person ... aggrieved by the order of the board ... may appeal from the order of the board to the court and thereupon the court shall proceed ... *to hear the said appeal and the proofs in the case,* and to make such orders and decrees *determining from the evidence submitted at the hearing.*"

72 P.S. § 5453.704 (Supp.1988–89) (emphasis added). We held that the underscored language prevented an assessment appeal from being resolved on the basis of a stipulation without an evidentiary hearing.

The corresponding provision of the General County Assessment Law provides that upon an appeal, the

[T]he court shall proceed ... to hear the said appeal and the proofs in the case and to make such orders and decrees *touching the matter complained of as to the judges of said court may seem just and equitable having due regard to the valuation and assessment made of other real estate in such county or city....*

72 P.S. § 5020–518.1 (emphasis added.) The Board and the taxpayer first argue that this provision of the General County Assessment Law does not apply in this case. It is true that the Third Class County Assessment Law has no comparable provision requiring a hearing. However, both of those laws apply except where the Third Class County Assessment Law is *inconsistent* with the provisions of the General County Assessment Law. 72 P.S. § 5020–105; *Cf. McKinney v. Board of Commissioners of Allegheny County,* 35 Pa.Commonwealth Ct. 91, 385 A.2d 596 (1978) (construing the relationship between the Second Class County Assessment Law and the General County Assessment Law). Because the Third Class County Assessment Law provides

nothing in this regard, we find no inconsistency; rather, we believe that Section 518.1 of the General County Assessment Law supplements the specific law in this regard. We, therefore, believe that Section 518.1 is applicable.

■ We, nonetheless, do not believe that a hearing is necessary. We recognize that this is a case of first impression. While there are similarities between Section 518.1 of the General County Assessment Law and Section 706 of the Fourth to Eighth County Assessment Law, there is also a crucial difference. Section 706 requires the court to make orders or decrees based upon "the evidence submitted at the hearing." Section 518.1, on the other hand, requires orders or decrees which the court deems "just and equitable having due regard to the valuation and assessment of other real estate...." It is well settled that the law favors settlements for a number of reasons. *Rothman v. Fillette*, 503 Pa. 259, 469 A.2d 543 (1983). While Section 706 specifically mentions a "hearing", Section 518.1 does not. Because of this difference we refuse to extend the holding of *American Home Products* to counties of the third class.

The School District also argues that *Wallingford–Swarthmore School District v. Board of Assessment Appeals of Delaware County*, 7 Pa.Commonwealth Ct. 60, 298 A.2d 278 (1972) and *Valley Forge Golf Club, Inc. v. Board of Assessment and Revision of Taxes of Montgomery County*, 3 Pa.Commonwealth Ct. 644, 285 A.2d 213 (1971), forbid a negotiated settlement of tax assessment appeals. Suffice it to say those cases do not deal with negotiated settlements and, for that reason alone, neither case supports the School District's position.

Affirmed.

## ORDER

NOW, July 19, 1989, the order of the Court of Common Pleas of Berks County, dated October 7, 1988, at No. 358 November 1987, is affirmed.

KALISH, Senior Judge, dissenting.

I respectfully dissent.

As a result of negotiations, the Board and the taxpayer entered into a stipulation fixing the assessed value of the property involved, which the trial court accepted.

The trial court should be affirmed if it has not made an error of law. *Wynne, Inc. Tax Assessment Case*, 434 Pa. 59, 253 A.2d 632 (1969). I believe that the trial court did err.

In *Pittsburgh Miracle Mile Town & Country Shopping Center Inc. v. Board of Property Assessment*, 417 Pa. 243, 209 A.2d 394 (1965), the court indicated that a stipulation as to fair market value of land is merely an evidentiary expedient and does not alter the court's obligation to pass upon and determine the correctness of the property assessment. Such a stipulation, in effect, achieves only the same evidentiary result as though the taxpayer offered no evidence to challenge or overcome the prima-facie validity of the Board's assessment. In other words, just as the taxing authority cannot rely solely on its assessment record in the face of countervailing evidence, it should not be permitted to rely on a stipulation. A stipulation designed to restrict the court's function cannot change the scope of the court's obligation on review.

Article IX, section 1 of the Pennsylvania Constitution provides that all taxes must be uniform on the same class of subjects within the territorial limits of the authority levying the tax. Thus, the uniformity provision of the Constitution of Pennsylvania requires that taxes must be applied uniformly upon similar kinds of property and with substantial equality of the tax burden to all members of the same class.[1] *Brooks Building Tax Assessment Case*, 391 Pa. 94, 137 A.2d 273 (1958).

In determining whether the constitutional provision of uniformity has been complied with, all properties are comparable in construing the appropriate ratio of assessed

---

1. In *McKnight Shopping Center v. Board of Property Assessment*, 417 Pa. 234, 209 A.2d 389 (1965), in a footnote, the court indicated that even absent the uniformity constitutional clause in the Pennsylvania Constitution, the Fourteenth Amendment of the Federal Constitution

value to market value. In proving what is the ratio the property owners, taxing authority, and the courts may rely on relevant evidence. *Deitch Co. v. Board of Property Assessment*, 417 Pa. 213, 209 A.2d 397 (1965).

If, by stipulation, a taxpayer is permitted to pay less than his fair share, there is an injustice to the remaining taxpayers. The proceedings in the trial court are de novo, and the determination of fair market value must ultimately be made on the basis of *competent testimony* as to the worth of the property in the market at a fair sale. *Deitch.*

Fair market value, which is the basis of real estate tax assessments, embodies a willing buyer, willing seller concept, in the open market, at arms length—a normal sale, a fair sale. To rely on a stipulation as to fair market value, even with the approval of the court, is an improper reliance on irrelevant testimony. *Deitch.*

would protect taxpayers from discrimination in violation of their right to equal protection.