**MACY'S INC.**

v.

**BOARD OF PROPERTY ASSESS-
MENT, APPEALS, REVIEW OF
ALLEGHENY COUNTY**

**Lot and Block 130–J–110 Borough
of Homestead.**

**Appeal of: Steel Valley School District**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2012.

Decided Jan. 22, 2013.

---

Donald C. Fetzko, West Mifflin, for appellant.

Bert M. Goodman, Wayne, for appellee Macy's, Inc.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge (P.), and COVEY, Judge.

OPINION BY President Judge
PELLEGRINI.

Steel Valley School District (District) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) adopting the recommendation of the Special Board of Viewers (Board of Viewers)[1] fixing the assessed value of real property owned by Macy's Inc. (Macy's) located in the District as $6,330,000 for 2009; $7,450,000 for 2010; and $8,500,000 for 2011. For the reasons that follow, we affirm in part and vacate and remand in part.

The subject property is a 2.08–acre site improved with a two-story retail building located in the Waterfront Town Center in the Borough of Homestead, Allegheny County, Pennsylvania. On March 31, 2009, Macy's appealed the property's assessment for tax year 2009 to the Board of Property Assessment, Appeals and Review of Allegheny County (Board). Following the Board's denial of Macy's petition, Macy's appealed to the trial court. On July 28, 2011, the Board of Viewers of Allegheny County, acting as Board of Viewers for the trial court, held an evidentiary hearing on the property's assessments for the 2009, 2010 and 2011 tax years.[2]

■ At the hearing, the Board of Viewers took judicial notice of Allegheny County's (County) assessed value of $10,723,600 for tax years 2009, 2010 and 2011; and heard testimony from both parties regarding the fair market value of the property. Gary E. Heiland (Heiland), a commercial real estate appraiser testifying for Macy's, opined that the property's fair market value was $3,240,000 as of March 31, 2009, and $3,240,000 as of January 1, 2010. Heiland did not offer testimony as to the property's fair market value for 2011. The District's expert witness, Gary R. Bodnar (Bodnar), a certified general real estate appraiser, opined that the property's fair market value for 2009 through 2011 was $8,750,000. Following the hearing, the Board of Viewers declared the assessed value of the property as $6,330,000 for 2009; $7,450,000 for 2010; and $8,500,000 for 2011. The District then filed objections to the Board of Viewers' recommendation with the trial court challenging its determination for the years 2009 and 2011. The trial court overruled the District's objections and adopted the Board of Viewers' recommendation. This appeal by the District followed.[3]

1. Section 518.1(c) of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–518.1(c), added by the Act of December 28, 1955, P.L. 917, allows for the courts of common pleas to appoint the Board of Viewers to hear tax assessment appeals.

2. Tax years 2010 and 2011 became part of the appeal by operation of law. Section 518.1(b) of the General County Assessment Law, 72 P.S. § 5020–518.1(b), provides:

If a taxpayer has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court. This provision shall be applicable to all pending appeals as well as future appeals.

3. Our review of a tax assessment appeal is limited to determining whether errors of law were committed, an abuse of discretion occurred, or constitutional rights were violated. While the weight of the evidence is before the appellate court for review, the trial court's findings are entitled to great weight and will be reversed only for clear error. *Parkview Court Associates v. Delaware County Board of Assessment Appeals*, 959 A.2d 515, 519 n. 8 (Pa.Cmwlth.2008) (citations omitted).

On appeal, the District first contends that the trial court erred in adopting the Board of Viewers' recommendation of fair market value for 2009 because Macy's expert testified of the value of the property on March 31, 2009, not January 1, 2009, the effective date of the assessment, and, thus, did not successfully rebut the assessment record.[4] The District based its position on Section 10 of the Second Class County Assessment Law, Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. § 5452.10, which provides, in relevant part:

(c) In any appeal of an assessment the board[[5]] shall make the following determinations:

(1) The current fair market value for the tax year in question.

72 P.S. § 5452.10(c)(1). The District contends that section provides that the Board must determine the fair market value of a property as of January 1, regardless of what date the assessment appeal is filed, because in a Second Class County, a "tax year" commences on January 1 and ends on December 31. Under the District's interpretation, any appraisal not based on a property's value as of January 1, 2009, is a nullity, an d, therefore, Heiland's valuation of the property as of March 31, 2009, is irrelevant and has no probative value as to fair market value. According to the District, then, the only relevant evidence before the Board of Viewers was the opinion of the District's expert valuing the property at $8,750,000, and the County assessment of $10,723,600 for 2009 and, therefore, the Board of Viewers erred in recommending a fair market value of $6,330,000 for that year.

Macy's contends that Section 10 of the Second Class County Assessment Law does not apply because it does not specify the date which the Board shall use to determine market value, only the tax year. Because the Second Class County Assessment Law does not apply, it argues that Section 511 of the General County Assessment Law then applies.[6] That section provides, in relevant part:

4. In *Koppel Steel Corporation v. Board of Assessment Appeals of Beaver County*, 849 A.2d 303, 307 (Pa.Cmwlth.2004), we explained the procedure in tax assessment cases:

The taxing authority first presents its assessment record into evidence, making out a prima facie case for the validity of the assessment. The burden then shifts to the taxpayer to present sufficient competent, credible and relevant evidence of the fair market value of the property to overcome the prima facie case. If the taxpayer does so, the taxing authority can no longer rely solely on the assessment record in the face of countervailing evidence unless it is willing to run the risk of having the taxpayer's proof believed by the court. Where the taxpayer's testimony is relevant, credible and un-rebutted, the court must give it due weight and cannot ignore it in determining a property's fair market value. Where the taxing authority presents rebuttal evidence, the court must determine the weight to be given all the evidence. (Citations omitted).

5. We note that the relevant sections of the General County Assessment Law and Second Class County Assessment Law, while specifying that they apply to the Board, must also apply to the trial court in appeals from the Board's determinations.

6. Where a local county assessment law is silent on an issue or otherwise does not conflict with the provisions of the General County Assessment Law, the General County Assessment Law applies. *See* Section 105 of the General County Assessment Law, 72 P.S. § 5020-105; *Truck Terminal Motels of America v. Berks County Board of Assessment Appeals*, 127 Pa.Cmwlth. 408, 561 A.2d 1305, 1307–08 (1989) (except where Third Class County Assessment Law, Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §§ 5342–5350k, *repealed by* Act of October 27, 2010, P.L. 895, now 53 Pa.C.S. §§ 8801–8868, is inconsistent with the provisions of the General County Assessment Law, both laws apply); *McKinney v. Board of Commissioners of Allegheny County*, 35 Pa.Cmwlth. 91, 385 A.2d

(b) In any appeal of an assessment ... the board for the assessment and revision of taxes, shall make the following determinations:

(1) The market value as of the date such appeal was filed ...

72 P.S. § 5020–511(b)(1). Because that section requires a determination of "market value as of the date such appeal was filed," and it filed its appeal on March 31, 2009, Macy's argues that its appraisal properly determined the market value for the 2009 tax year.

■ We agree with the trial court that consideration of evidence of the property's market value as of the March 31, 2009 filing date of the appeal was proper. Section 10 of the Second Class County Assessment Law only requires the Board to determine the current fair market value of a property for the tax year in question, while Section 511 of the General County Assessment Law provides the date on which the property is to be valued for that tax year in question where an appeal is to be taken.[7] Because March 31, 2009, was the correct date, Macy's expert's opinion of fair market value for 2009 constituted substantial evidence which rebutted the presumed validity of the assessment records for 2009 and upon which the trial court could determine fair market value for that year. Accordingly, we find no error of law or abuse of discretion in the trial court's adoption of the Board of Viewers' recommendation of fair market value for 2009.[8]

■ The District also challenges the trial court's determination of fair market value of $8,500,000 for 2011 because the only evidence introduced before the Board of Viewers was the County's assessment of $10,723,600 and the District's expert testimony opining a fair market value of $8,750,000. The District alleges that the trial court abused its discretion in failing to set forth its rationale for adopting the Board of Viewers' recommendation where that recommendation departed from the evidence presented.

■ In tax assessment cases, the duty of the trial court is to determine the property's current market value on the basis of competent, credible and relevant evidence. *Gilmour Properties v. Board of Assessment Appeals of Somerset County*, 873 A.2d 64, 66 n. 3 (Pa.Cmwlth.2005). The function of the trial judge in a tax assessment case is not to independently value the property but to weigh the conflicting testimony and values expressed by the competing experts and arrive at a valuation based on the credibility of their opinions. *Id.* However, in a single-expert case, a trial court is not required to accept the uncontradicted opinion of that expert. *Green v. Schuylkill County Bd. of Assessment Appeals*, 565 Pa. 185, 205–206, 772 A.2d 419, 432 (2001) ("To preclude the trial court in a single-expert case from determining that the appropriate valuation lies somewhere between the official valuation and the inevitably lesser valuation offered by the taxpayer's expert is to attribute to

---

596, 600 (1978) (provision of General County Assessment Law is of no effect where it is inconsistent with provision of Second Class County Assessment Law).

7. We note that no one raised the issue that having multiple dates of determining value for those who appeal their assessment, and January 1, for those who do not, violates uniformity.

8. When presented with conflicting experts in a property tax assessment case, both of whom are found to be competent and credible, the fact-finder may determine that the fair market value of the property lies somewhere between the values reached by the competing experts. *Jackson v. Board of Assessment Appeals of Cumberland County*, 950 A.2d 1081, 1086 (Pa. Cmwlth.2008).

the expert's valuation a definitiveness that it does not automatically possess, and to limit unnecessarily the trial court's ability to perform its legislatively designated role as factfinder.")

However, our Supreme Court in *Green* stated that in such cases, the trial court must clearly state its reasons for departing from the expert's valuation:

> [i]n making a determination in a tax assessment appeal, the trial court must state the basis and reasons for its decision. . . . This requirement is as significant to a single-expert case as to a case with competing experts . . . indeed, it may be more so. Where the trial court is presented with conflicting testimony by equally credible experts . . . it is appropriate for the court to conclude that the fair market value of the subject property is somewhere between the values presented by the parties. . . . Where, however, a single expert testifies as to fair market value, and the trial court's valuation departs from that figure, there is no basis for assuming that the trial court's valuation is, ipso facto, appropriate. Accordingly, the trial court's reasoning must be stated on the record so that the reviewing court may determine if the trial court's departure from the expert's valuation is warranted.

565 Pa. at 208, 772 A.2d at 433.

Here, the Board of Viewers provided no explanation as to why it reduced the value to an amount below the value opined by the District's expert. The trial court, in adopting the Board of Viewers' recommendation, provided only the following rationale:

> [T]he [Board of Viewers] reduced the assessed value of [the District's] expert by only $250,000, a reduction of less than three percent of the fair market value. Thus, this case does not present a fact situation in which *Green* was ap-

plied to support a substantial reduction in value.

(March 8, 2012 Trial Court Opinion at 3–4, n.4). However, *Green* requires an explanation of why the deviation was made from the evidence and does not excuse an explanation just because the deviation is minor in the context of that appeal.

Accordingly, the trial court's order is affirmed in part and vacated and remanded in p The trial court's determination of the property's value for tax year 2009 is affirmed. The trial court's determination of the property's value for tax year 2011 is vacated and remanded with the instruction to give reasons why it did not follow the only evidence on the record that the fair market value of the property for tax year 2011 was $8,750,000.

## ORDER

AND NOW, this 22nd day of January, 2013, the order of the Court of Common Pleas of Allegheny County (trial court), dated December 15, 2011, at No. BV09–001488, is affirmed in part and vacated and remanded in part. The trial court's determination of the property's value for tax year 2009 is affirmed. The trial court's determination of the property's value for tax year 2011 is vacated and remanded with the instruction to give reasons within sixty (60) days of the date of this Order as to why it did not follow the only evidence on the record that the fair market value of the property for tax year 2011 was $8,750,000.

Jurisdiction relinquished.