22105

Roger L. SPENCER, et al., Respondents, v. South Carolina TAX COMMISSION, et al., Appellants.

(316 S. E. (2d) 386)

Supreme Court

*T. Travis Medlock, Atty. Gen., Joe L. Allen, Jr., Deputy Atty. Gen.* and *Ray N. Stevens, Asst. Atty. Gen.,* Columbia, *for appellants.*

*Eric B. Amstutz* and *Henry L. Parr, Jr.,* Greenville, *for respondents.*

May 15, 1984.

HARWELL, Justice:

The taxpayers, Mr. and Mrs. Roger L. Spencer, paid their 1980 South Carolina income taxes under protest and initiated this action for a refund. The trial judge granted the refund but denied attorneys' fees. We affirm.

The Spencers are North Carolina residents, but Mr. Spencer, the sole wage-earner, is employed in Greenville, South Carolina. The Spencers filed a joint return and claimed non-business deductions for federal, state, and local taxes; interest; and charitable contributions. The Tax Commission disallowed the deductions pursuant to the proviso to S. C. Code Ann. § 12-7-750 (1983).

This appeal involves the construction and constitutionality of § 12-7-750. The statute provides:

> In the case of a nonresident individual the deductions allowed in § 12-7-700, 2-7-710 and 12-7-740 shall be allowed only if, and to the extent that, they are connected with income arising from sources within the State and the proper apportionment and allocation of the deductions with respect to sources of the deductions with respect to sources of income within and without this State shall be determined under rules and regulations prescribed by the Commission.
>
> Provided, however, that a nonresident individual shall not be permitted to apportion and allocate his nonbusiness deductions between this State and his state of principal residence unless his state of principal residence also permits similar apportionment and allocation of nonbusiness deductions by nonresident individuals filing returns in that state. The South Carolina Tax Commission shall promulgate necessary regulations to effectuate the provisions of the proviso.

The trial court held that the proviso to § 12-7-750 violated the Privileges and Immunities Clause of the United States Constitution, Article IV, § 2, Cl. 1.

The Tax Commission contends on appeal to this Court that the statute can be given a constitutional construction. It asserts that, under the first paragraph, nonresidents filing in South Carolina are allowed to claim only business deductions and that the limitation does not violate the Privileges and Immunities Clause. In support of this position, the Commission cites *Stiles v. Currie*, 254 N. C. 197, 118 S. E. (2d) 428 (1961); *Berry v. State Tax Comm'n*, 241 Or. 580, 397 P. (2d) 780 (1964), appeal dismissed, 382 U.S. 16, 86 S. Ct. 57, 15 L. Ed. (2d) 12 (1965); and *Goodwin v. State Tax Comm'n*, 286 App. Div. 694, 146 N.Y.S. (2d) 172 (1955), aff'd mem., 1 N.Y.(2d) 680, 150 N.Y.S. (2d) 680, 133 N.E. (2d) 711, appeal dismissed 352 U.S. 805, 77 S. Ct. 47, 1 L. Ed. (2d) 38 (1956).

The Commission asserts that the proviso therefore aids rather than penalizes nonresidents since it allows nonresidents to claim nonbusiness deductions under circumstances of reciprocity.

We reject this construction. The Commission's regulations prior to this lawsuit construed Paragraph 1 of § 12-7-750 to allow nonresident taxpayers both business and nonbusiness deductions prorated in the ratio of their South Carolina Adjusted Gross Income to their total Adjusted Gross Income. After the proviso's enactment, prior to this lawsuit, the Commission began to disallow nonbusiness deductions in situations where the state of the taxpayer's residence lacked reciprocal legislation.

The Commission's attempt to change its interpretation of the statute is not persuasive. Where the administrative construction of a statute has been uniform and has been acquiesced in by the General Assembly, such construction is entitled to weight. *Etiwan Fertilizer Co. v. S. C. Tax Comm'n*, 217 S. C. 354, 60 S. E. (2d) 682 (1950). We agree with the Commission's initial construction of the statute.

We must now determine whether the proviso violates the Privileges and Immunities Clause.

Application of the Privileges and Immunities Clause to an instance of discrimination against out-of-state residents entails a two-step inquiry.[1] *United Building and Constr. Trades Council v. City of Camden*, _____ U.S. _____ , 104 S. Ct. 1020, 79 L. Ed. (2d) 249 (1984). The Court must first decide whether the statute burdens one of the privileges and immunities protected by the Clause. One of the most fundamental privileges which the Clause guarantees to citizens of a state is that of doing business in another state on terms of substantial equality with the citizens of that state. *Id., See also Hicklin v. Orbeck*, 437 U.S. 518, 98 S. Ct. 2482, 57 L. Ed. (2d) 397 (1978); *Austin v. New Hampshire*, 420 U.S. 656, 95 S. Ct. 1191, 43 L. Ed. (2d) 530 (1975); *Mullaney v. Anderson*, 342 U.S. 415, 72 S. Ct. 428, 96 L. Ed. 458 (1952); *Toomer v. Witsell*, 334 U.S. 385, 68 S. Ct. 1156, 92 L. Ed. 1460 (1948). The discrimination against nonresident taxpayers in the case at bar clearly burdens their privilege of earning a living in the neighboring state of South Carolina.

---

[1] The terms "citizen" and "resident" are "essentially interchangeable" for purposes of analyzing cases under the Privileges and Immunities Clause. *Austin v. New Hampshire*, 420 U.S. 656, 662, n. 8, 95 S. Ct. 1191, 1195, n. 8, 43 L. Ed. (2d) 530 (1975).

We must next address the more difficult question of whether substantial reasons justify the discrimination and whether the degree of discrimination bears a close relationship to those reasons. The State must show that nonresidents are a peculiar source of the evil at which the statute is aimed. *Toomer v. Witsell, supra.* State tax classifications are ordinarily accorded deference. However, when the Privileges and Immunities Clause is implicated, the classification must fall if it has the effect of retaliating against citizens of other states who have no representation in the taxing state's legislative halls. *Austin v. New Hampshire, supra; Travis v. Yale & Towne Mfg. Co.,* 252 U.S. 60, 40 S. Ct. 228, 64 L. Ed. 460 (1920).

The appellant asserts that the proviso to § 12-7-750 is not retaliatory but is designed to encourage sister states to enact legislation favoring South Carolina residents.[2] However, the goal of encouraging other states to enact reciprocal legislation does not bear a substantial relationship to the result of penalizing taxpayers like the Spencers who live in North Carolina and work in South Carolina. These taxpayers are not the source of the evil sought to be remedied by our legislature.

The Privileges and Immunities Clause was intended to prevent retaliation and promote federalism. Therefore, denying nonresidents nonbusiness deductions initially allowed by the first paragraph of § 12-7-750 and allowed for South Carolina residents who work in the State violates the Privileges and Immunities Clause.

It is not necessary to discuss the taxpayers' equal protection, due process, and commerce clause allegations.

The taxpayers next assert that they have attained only a hollow victory because the trial court refused to award them attorneys' fees. Code § 12-47-270 provides, with limited exceptions, that in actions brought under §§ 12-47-220 or 12-47-230 no costs or disbursements shall be taxed in favor of either party. However, 42 U.S.C. § 1988 allows attorneys' fees to prevailing parties in 42 U.S.C. § 1983 actions, in the trial court's discretion.

---

[2] In 1981, North Carolina enacted reciprocal legislation. 1981 N. C. Session Laws, Chapter 973, §§ 1, 2.

The trial court did not address the § 1983 claim. The United States Supreme Court has not ruled that state courts are required to open their doors to § 1983 actions. *See Martinez v. State of California,* 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. (2d) 481 (1980); *Maine v. Thiboutot,* 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. (2d) 555 (1980). Section 1983 does not provide for any substantive rights; it is remedial. *Chapman v. Houston Welfare Rights Organizations,* 441 U.S. 600, 99 S. Ct. 1905, 60 L. Ed. (2d) 508 (1979). State remedies for asserting rights may not be circumvented by invoking § 1983. *Backus v. Chilivis,* 236 Ga. 500, 224 S. E. (2d) 370 (1976). It may reasonably be inferred that the sole reason for alleging § 1983 was to justify the allowance of counsel fees. We do not believe this was contemplated by Congress when it enacted §§ 1983 and 1988. *Brown v. Hornbeck,* 54 Md. App. 404, 458 A. (2d) 900 (1983).

The decision of the trial court is, accordingly,

Affirmed.

LITTLEJOHN, C. J., NESS and GREGORY, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.