Charles and Margery STUFFLEBAUM,
et al., Appellants,

v.

Gary PANETHIERE, et al.,
Respondents.

No. 65774.

Supreme Court of Missouri,
En Banc.

May 29, 1985.

Rehearing Denied June 25, 1985.

Michael C. McCormick, Lee's Summit, for appellants.

Michael F. Dandino, John B. Williams, Kansas City, for respondents.

DONNELLY, Judge.

This appeal is from dismissal of a claim filed in the Circuit Court of Jackson County under 42 U.S.C. § 1983 for refund of 1983 taxes. Appellants assert this Court has jurisdiction because the construction of the revenue laws of Missouri is involved. We do not agree. However, we have determined, by reason of the general interest and importance of the question presented, that we will retain and decide the case. *Foremost-McKesson, Inc. v. Davis,* 488 S.W.2d 193, 196 (Mo. banc 1972).

The essential question on this appeal is whether a taxpayer may bring an action in Missouri courts under 42 U.S.C. § 1983 to redress an allegedly unconstitutional imposition of a tax on real estate.

In *Shapiro v. Columbia Union National Bank and Trust Co.,* 576 S.W.2d 310 (Mo. banc 1978), this Court held generally that a claim under 42 U.S.C. § 1983 is cognizable in Missouri courts. The text of 42 U.S.C. § 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *

However, Missouri provides a specific remedy to contest the assessment of taxes.

Section 139.031, RSMo Supp.1984 (amended 1983), reads, in part, as follows:

1. Any taxpayer may protest all or any part of any taxes assessed against him, except taxes collected by the director of revenue of Missouri. Any such taxpayer desiring to pay any taxes under protest shall, at the time of paying such taxes, file with the collector a written statement setting forth the grounds on which his protest is based.

2. The collector shall disburse to the proper official all portions of taxes not so protested and shall impound in a separate fund all portions of such taxes which are so protested. Except as provided in subsection 3 of this section, every taxpayer protesting the payment of taxes shall, within ninety days after filing his protest, commence an action against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. If any taxpayer so protesting his taxes shall fail to commence an action in the circuit court for the recovery of the taxes protested within the time prescribed in this subsection, such protest shall become null and void and of no effect, and the collector shall then disburse to the proper official the taxes impounded, and any interest earned thereon, as provided above in this subsection.

3. No action against the collector shall be commenced by the taxpayer who has, for the tax year in issue, filed with the state tax commission a timely and proper appeal of the protested taxes. Such taxpayer shall notify the collector of the appeal in the written statement required by subsection 1 of this section. The taxes so protested shall be impounded in a separate fund and the commission may order all or any part of such taxes refunded to the taxpayer, or may authorize the collector to release and disburse all or any part of such taxes in its decision and order issued pursuant to chapter 138, RSMo.

4. Trial of the action in the circuit court shall be in the manner prescribed for nonjury civil proceedings, and, after determination of the issues, the court shall make such orders as may be just and equitable to refund to the taxpayer all or any part of the taxes paid under protest, together with any interest earned thereon, or to authorize the collector to release and disburse all or any part of the impounded taxes, and any interest earned thereon, to the appropriate officials of the taxing authorities. Either party to the proceedings may appeal the determination of the circuit court.

In our view, § 139.031 provides a plain, adequate and complete remedy for the redress of appellants' grievances.

In *Fair Assessment in Real Estate Association, Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), the United States Supreme Court held that the principle of comity bars taxpayers' damages actions brought in federal courts under 42 U.S.C. § 1983 to redress the allegedly unconstitutional administration of a state tax system. Insofar as pertinent to this appeal, the teaching of *McNary* is that, given a plain, adequate and complete remedy at law (§ 139.031, *supra*), taxpayers may not seek relief under § 1983 because such "procedure may in every practical sense operate to suspend collection of the state taxes until the litigation is ended." *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 299, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1943). *See Perez v. Ledesma,* 401 U.S. 82, 128 n. 17, 91 S.Ct. 674, 698 n. 17, 27 L.Ed.2d 701 (1971) (Brennan, J., concurring in part and dissenting in part). To borrow from Circuit Judge Taft in *Taylor v. Louisville & N.R. Co.,* 88 Fed. 350, 374 (6th Cir.1898), if § 1983 could be invoked in this situation, "the obstruction to the collection of taxes would be so frequent as to be intolerable."

The judgment is affirmed.

All concur.